Charles Edward ROTHMAN,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 30809.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 14, 2011.

---

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and, Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Charles Edward Rothman ("Movant") appeals the motion court's denial of his Rule 29.15[1] motion to vacate his convictions of three counts of first-degree statutory rape. *See* section 566.032.[2] Movant's single point on appeal claims the motion court clearly erred in finding trial counsel not ineffective for failing to introduce into evidence the results of a sexual assault forensic examination conducted on the victim ("the SAFE report"). Because the SAFE report contained information both helpful and harmful to Movant and its helpful information did not provide Movant with a defense to the charges brought against him, we affirm the motion court's denial of post-conviction relief.

### Factual and Procedural Background

J.J. ("Victim"), who was fourteen years old at the time of Movant's criminal trial in October 2008, met Movant in 2005 or 2006. Movant and Victim's grandmother were "best friends." Victim began visiting Movant at his home and would occasionally stay overnight. In March or April 2007, Movant began coming into the room where Victim slept during these overnight visits. Movant initiated sexual contact with Victim and eventually put his penis in her vagina. This occurred on six or seven occasions. Movant told Victim not to tell anyone about his conduct because he would go to jail and she would go to "juvy." Movant also told Victim he was telling other people that they were married so they would not get into trouble.

---

1. Unless otherwise indicated, all Rules references are to Missouri Court Rules (2011).

2. Unless otherwise indicated, all statutory references are to RSMo 2000.

Acting on a tip that Movant had been treating a thirteen-year-old as his wife, Officer Gina Cook of the Scott City Police Department went to speak with Victim. Victim told Cook that she had had sex with Movant. When Cook later arrested Movant, "[Movant] just kept saying over and over, 'I'm guilty, I'm guilty as sin, I did it[.]'" Movant signed a written waiver of his *Miranda*[3] rights and gave a videotaped confession.

Movant was charged with three counts of first-degree statutory rape and six counts of first-degree statutory sodomy. In exchange for the State's agreement to dismiss the statutory sodomy charges, Movant waived his right to a jury trial.

Movant testified in his own defense. He stated that he never had sex with Victim and that he only confessed to the police because Cook told him that Victim and her grandmother would not "be in trouble" if he confessed. On cross-examination, Movant admitted that Victim stayed overnight at his home and that he was grooming her to be his wife. The trial court found Movant guilty of three counts of first-degree statutory rape and sentenced him to three fifteen-year, concurrent terms of incarceration. We affirmed Movant's convictions and sentences on direct appeal in an unpublished opinion. *State v. Rothman,* No. SD29571, (Mo.App.S.D. Oct. 29, 2009).

After our mandate issued, Movant timely filed a *pro se* motion. Appointed counsel then timely filed an amended motion which claimed, among other things, the assertion now carried forward on appeal: that Trial Counsel was ineffective for failing to introduce the SAFE report into evidence because it revealed no physical findings consistent with sexual intercourse.

The motion court ordered an evidentiary hearing on the claims asserted in Movant's amended motion. At the hearing, Movant introduced one page of the SAFE report into evidence. That page contained the following findings:

> [Victim] provided her family and medical history. [Victim] has a history of getting "mad in the blink of an eye". [Victim] feels depressed "often". [Victim] stated her "grades not too good".... [Victim's] general physical exam was as diagrammed and described. [Victim] has scars on her anterior left forearm which she stated are the result of her cutting herself. [Victim] stated she quit doing this about two months ago.... [Victim's] genital/anal exam was as diagrammed and described. [Victim's] hymen is estrogenized, elastic, fimbriated and without visible transections. [Victim] is a Tanner IV stage for sexual development.... Many children who have been sexually abused may have no specific physical findings at the time of an exam due to the nature of the acts described. If significant time has lapsed since the reported acts, healing of any superficial injury can occur and may not be visible at the time of this exam. The hymenal and peri-anal tissue heals quickly. [Victim's] behavior and history are consistent at this time with the report of sexual abuse. [Victim's] physical exam is inconclusive at this time with the history of sexual abuse.

Trial Counsel testified that he reviewed the SAFE report prior to trial but could not remember why he did not attempt to introduce it into evidence. Trial Counsel did remember that the State's experts would testify that "it's not out of the ordinary to not have physical findings."

The motion court found that the SAFE report would not have aided Movant's defense because "[t]he report also said that

**3.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

many children who have been sexually abused may have no specific physical findings at the time of an exam, and that [Victim's] behavior and history were consistent with the report of sexual abuse[,]" concluding that the SAFE report "would not have provided a viable defense, or even aided [M]ovant's position."

## Analysis

■ We review the denial of Movant's amended motion for clear error. Rule 29.15(k). The motion court's findings of fact and conclusions of law are presumed correct, and we will find clear error has occurred only when our review of the entire record leaves us with the "definite impression that a mistake has been made." *Bullock v. State*, 238 S.W.3d 710, 713 (Mo. App. S.D.2007).

■ Movant must prove his claims by a preponderance of the evidence. Rule 29.15(i). "To prevail on a claim of ineffective assistance of counsel, a movant must show that the counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was thereby prejudiced." *Kluck v. State*, 30 S.W.3d 872, 875 (Mo.App. S.D.2000). Movant must demonstrate both deficient performance and resulting prejudice; if he fails to prove one, we are not required to consider the other. *Goudeau v. State*, 152 S.W.3d 411, 415 (Mo.App. S.D.2005).

■ Even if counsel cannot recall why he made a particular decision, a court may properly find that the challenged action was the result of a reasonable trial strategy if such a strategy appears from the record or from other evidence in the case. *See, e.g., Neal v. State*, 99 S.W.3d 571, 576–77 (Mo.App. S.D.2003) (using trial counsel's closing argument to support the conclusion that trial counsel's failure to ask that the movant be allowed to wear civilian clothes during trial was a strategic decision); *Porter v. State*, 682 S.W.2d 16, 19 (Mo.App. W.D.1984) (finding that counsel's decision not to call a particular witness was reasonable where the record showed a plausible reason for the decision).

Missouri courts have repeatedly held that an attorney is not ineffective for deciding not to introduce evidence that is harmful to the defense as well as helpful. For example, in *Clayton v. State*, 63 S.W.3d 201, 208 (Mo. banc 2001), our high court noted that one of the reasons counsel was not ineffective for failing to introduce the defendant's school and hospital records as mitigating evidence was that those records also contained evidence about the defendant's criminal history and violent personality.

■ Here, as in *Clayton*, the SAFE report contained both helpful and harmful information. While the report did say that Victim had no injuries consistent with sexual assault, it went on to explain how that finding was to be expected even if a sexual assault had, in fact, occurred. Trial counsel knew that the State's expert witnesses would also testify that physical findings were not common in cases of sexual abuse. As a result, the fact that the SAFE report indicated that no injuries consistent with sexual assault were observed during the examination did not provide Movant with a defense to the charges brought against him. And the SAFE report contained information about Victim's struggles with anger, depression, and self-mutilation. The report then concluded that these behaviors were consistent with Victim's report of sexual abuse.

In light of the fact that the State would be presenting evidence that physical findings consistent with sexual assault in such examinations are a relative rarity and that the report included a statement that Vic-

tim's behaviors were consistent with sexual abuse, the introduction of the report into evidence would have actually strengthened the State's case and outweighed any possible benefit to the defense.

The motion court did not clearly err in determining that Movant failed to prove he was prejudiced by trial counsel's failure to introduce the SAFE report into evidence. The failure to prove such prejudice is fatal to Movant's claim. *See Goudeau,* 152 S.W.3d at 415. Movant's point is denied, and the motion court's denial of post-conviction relief is affirmed.

RAHMEYER and LYNCH, JJ., Concurs.